UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

     Plaintiff,                       Case No. 19-CV-50046

v.                              HON. GEORGE CARAM STEEH
CONCETTA ROBINSON,

     Defendant,

and

STATE OF MICHIGAN
DEPARTMENT OF TREASURY,

     Garnishee
_____/

ORDER GRANTING DEFENDANT'S MOTION FOR
HEARING ABOUT GARNISHMENT (Doc. 4)

On January 17, 2019, the government served a writ of continuing

garnishment (the "Writ") upon the Michigan Department of Treasury for any

income tax refunds or other payments due, such as lottery winnings, to

Defendant Concetta Robinson. Pro se Defendant requests a hearing about

the garnishment on the grounds that two exemptions exist: (1) for fuel,

provisions, furniture and personal effects, and (2) for judgment for support

of minor children. The government opposes the hearing sought. For the

reasons set forth below, Defendant's motion for hearing shall be granted.

1

## I. Background

On January 15, 2013, a criminal judgment was entered against Defendant. Pursuant to a Rule 11 Plea Agreement, she was convicted of one count of making false, fictitious or fraudulent claim and was sentenced to imprisonment of 1 day time served. The Defendant was also ordered to pay a $100.00 special assessment and $64,793 in restitution to the IRS. To date, Defendant has made payments of $284.86 only.

## II. Analysis

Under the Mandatory Victims Restitution Act ("MVRA"), the Government is responsible for collecting unpaid restitution. 18 U.S.C. §§ 3612 and 3613. Enforcement remedies are provided under the Federal Debt Collection Procedure Act ("FDCPA"), 28 U.S.C. § 3001, *et seq.*, which includes the issuance of a garnishment. Under the FDCPA, a defendant may request a hearing regarding a garnishment pursuant to 28 U.S.C. § 3202(d), and Defendant has done so here.

The Government argues that Defendant is not entitled to a hearing to challenge the garnishment of any tax refunds from the State of Michigan Treasury as her request does not fall within one of the two enumerated basis for such a hearing under 28 U.S.C. § 3202(d) which permits a hearing regarding the probable validity of any claim of exemption and the

Government's compliance with statutory requirements. 28 U.S.C. § 3302(d)(1) and (d)(2). In this case, Defendant has not raised the Government's statutory compliance as an issue. Thus, the court considers whether Defendant is entitled to a hearing regarding her two claimed exemptions.

The Government argues that Defendant has claimed only one exemption for fuel, provisions, furniture, and personal effects, which are not encompassed by the Writ. Thus, the government argues that her exemption claim should be summarily denied without a hearing. The Government is correct that Defendant is not entitled to an exemption for fuel, provisions, furniture, and personal effects. However, Defendant also argues that the garnishment of her state income tax return is exempt because there is a judgment for support of minor children.

Property exempted from garnishment for satisfaction of unpaid restitution is limited to property that is exempt from levy for taxes pursuant to 26 U.S.C. § 6334(a). Defendant claims an exemption under § 6334(a)(8) which provides:

> **(8) Judgments for support of minor children.**--If the taxpayer is required by judgment of a court of competent jurisdiction, entered prior to the date of levy, to contribute to the support of [her] minor children, so much of [her]

salary, wages, or other income as is necessary to comply
with such judgment.

26 U.S.C. § 6334(a)(8).  In order to claim an exemption under § 6334(a)(8),

it is not enough that a defendant financially support his or her children,

there must be a court order requiring him or her to do so.  *United States v.*

*Kemp*, No. 3-96-CR-300-P, 2002 WL 31548868, at *2 (N.D. Tex. Nov. 12,

2002).  Because a question of fact exists as to whether Defendant is

entitled to the child support exemption, Defendant is entitled to a hearing

under 28 U.S.C. § 3202(d)(1).

Even if a hearing is not warranted under § 3202(d), the government

recognizes that the district court may still consider a defendant's inability to

pay and may limit the government's enforcement remedies under 28 U.S.C.

§ 3013.  *United States v. Ogburn*, 499 F. Supp. 2d 28 (D.D.C. 2007)

(temporarily suspending a writ of garnishment based upon defendant's

financial hardship).  Indeed, the court retains broad discretion to

temporarily suspend or modify a writ of garnishment under § 3013 which

provides:

> The court may at any time on its own initiative or the motion
> of any interested person, and after such notice as it may
> require, make an order denying, limiting, conditioning,
> regulating, extending, or modifying the use of any
> enforcement procedure under [28 U.S.C. § 3001 *et. seq.]*

28 U.S.C. § 3013.  The Government argues that the garnishment of Defendant's tax refunds here provides a reasonable recovery of her restitution obligation as the refunds are not part of her current income stream.  Whether the garnishment is reasonable, or whether it risks her ability to support her minor children, is a fact question deserving of a hearing under § 3013.  Accordingly, Defendant's motion for a hearing about the garnishment (Doc. 4) is GRANTED and a hearing shall be scheduled forthwith at a date and time to be set forth in a separate order entered this same date.

**IT IS SO ORDERED**.

Dated:  February 12, 2019

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE
